IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DEREK BLUFORD**,

    Plaintiff,

v.

**WARDEN DEWAYNE HENDRIX,** *et al*.,

    Defendants.

Case No. 3:22-cv-1005-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Derek Bluford, representing himself, brings this case against DeWayne Hendrix the warden of the FCI-Sheridan (Sheridan); nine corrections and medical staff at FCI-Sheridan; Michael Carvajal, the Director of the Federal Bureau of Prisons (BOP); Melissa Rios-Marquez, the Regional Director for the Bureau of Prisons, and Does 1-99, unidentified BOP employees. Plaintiff sues Defendants in their individual and official capacities. Plaintiff alleges that his constitutional rights have been violated and brings claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

    Before the Court is Defendants' Motion to Dismiss. Defendants construe Plaintiff's complaint as only bringing claims for violations of his constitutional rights and argue that Plaintiff's claims under *Bivens* are precluded by *Egbert v. Boule*, 142 S. Ct. 1793 (2022), and

PAGE 1 – ORDER

other recent Supreme Court decisions. Defendants also argue that Plaintiff may not sue Defendants in their official capacity and that Plaintiff failed properly to serve Defendants. The Court rejects Defendants' argument that dismissal is warranted based on lack of service. The Court agrees that Plaintiff may not sue Defendants in their official capacity and that most of Plaintiff's constitutional claims are precluded by the Supreme Court's narrowing of *Bivens*. Because, however, it appears that Plaintiff may have intended to bring state law tort claims and federal claims under the Americans with Disabilities Act and the Rehabilitation Act, the Court allows Plaintiff the opportunity to file a Second Amended Complaint to bring those claims.

A.  **Standards**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

**B. Discussion**

    **1. Service of Process**

Service of process is governed by Rule 4 of Federal Rules of Civil Procedure. Rule 4 "was designed to provide maximum freedom and flexibility in the procedures for giving all defendants notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967

PAGE 3 – ORDER

F.2d 309, 314 (9th Cir. 1992) (cleaned up). "To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (concluding that the district court did not abuse its discretion in allowing service by email after initial attempts at service failed).

Additionally, Rule 1 of the Federal Rules of Civil Procedure demands that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In December 2015, "Rule 1 [was] amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action," so too must "the parties share the responsibility to employ the rules in the same way." *Id.* advisory committee's note to 2015 amendment. Thus, the Court and the parties must have the shared objective "to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay." *Id.* "Unsurprisingly, then, proper service under Rule 4 is liberally construed in the interest of  substantial justice. Courts justifiably frown on obdurate and hypertechnical efforts to evade service." *Thomas v. County. of San Bernardino*, 2019 WL 13236992, at *1 (C.D. Cal. Aug. 7, 2019).

Plaintiff is a prisoner proceeding *pro se*. He completed the paperwork to have the U.S. Marshal's Service (USMS) complete service of process. The USMS filed certificates of service. *See* ECF 28-39. When no defendant answered, Plaintiff moved for entry of default. On April 12, 2023, the Court denied Plaintiff's request for default. On May 15, 2023, the Court ordered that because the USMS had certified service on all Defendants, they had to answer the amended

complaint and respond to Plaintiff's motion for preliminary injunction within 14 days. ECF 57. The Court directed that a copy of its Order be sent to the U.S. Attorney's Office.

The U.S. Attorney's Office twice moved for an extension of time to answer, and in each motion notified the Court that it had determined that Defendants were not properly served in this action. ECF 58, 60. The U.S. Attorney's Office explained that the USMS did not serve Defendants according to the agreed-upon procedures in this District. ECF 58. In response, the Court issued an Order on June 27, 2023 (June Order). ECF 61. The Court explained that because Plaintiff is a prisoner proceeding *pro se* who completed the forms for the USMS to complete service, Plaintiff and the Court were reliant on the USMS properly to complete service and accurately state that service had been completed. The USMS filed its certificates of service and certified that service had been effectuated. The Court reiterated that "it has already concluded that service has been properly accomplished." ECF 61 at 4. The Court concluded: "Because the Court is now resolving any potential ambiguity and making clear that Defendants have been served based upon the certification of the USMS, Defendants shall respond to the Motion for Preliminary Injunction within 14 days and answer the Amended Complaint within 20 days." *Id.*

Despite the Court resolving any potential ambiguity regarding service, Defendants move to dismiss based on lack of service. Defendants argue that the USMS failed to follow proper procedures agreed upon in this District for serving employees of FCI-Sheridan (Sheridan Service Procedures) and served persons who are not authorized to accept service. Defendants note Rule 4 requires Plaintiff to individually serve Defendants or their authorized agent, and the Sheridan Service Procedures requires the USMS to email the service documents to the FDC-SeaTac Consolidated Legal Center and Supervisory Attorney George Cho. The Legal Center would then check if Defendants waive service.

It is undisputed that Mr. Cho has notice of this case. On June 22, 2023, the day after the U.S. Attorney's Office filed the notice stating that it could not represent Defendants because the proper service procedures had not been followed, Mr. Cho sent a letter to Plaintiff. The letter specifically cited this case, by case number, and that Plaintiff "allege[s] 27 claims" as a result of events at Sheridan. ECF 70 at 34. Indeed, Mr. Cho denied Plaintiff's Federal Tort Claims Act claim because of this lawsuit, instructing Plaintiff that "[a]ny further attempts to address this matter should be filed accordingly in the ongoing civil litigation in Federal District Court, District of Oregon, 22-cv-01005." *Id.* Despite knowing about this lawsuit, Mr. Cho apparently did not forward the complaint to Defendants or otherwise follow the Sheridan Service Procedures to obtain a waiver of service.

Additionally, the Court entered its Order dated May 15, 2023 and the June Order, in which the Court concluded that the USMS service was proper service. Both Orders were served on the U.S. Attorney's Office. The U.S. Attorney's Office knows the Sheridan Service Procedures. It could have contacted Mr. Cho, contacted the USMS, or otherwise attempted to more efficiently determine if the service deficiencies could be cured, versus the delay and inefficiency of moving to dismiss based on a service technicality outside the control of Plaintiff.

The Court declines to dismiss this case back on lack of service of process. Mr. Cho's knowledge of this case and the Court's notice to the U.S. Attorney's Office regarding service provided sufficient notice to Defendants. If Plaintiff files a Second Amended Complaint and it continues to contain claims against individual defendants, the Court expects the U.S. Attorney's Office to follow the spirit of Rule 1 and work more collaboratively with the USMS and the FDC-SeaTac Consolidated Legal Center to ensure that Defendants receive all necessary documents. To the extent required, the Court extends the time of service until four weeks after the filing of

the Second Amended Complaint. If Plaintiff declines to file a Second Amended Complaint, then Defendants must answer claims one and two of the Amended Complaint by February 23, 2024.

### 2. Claims Alleged by Plaintiff

In describing the basis for the Court's jurisdiction, Plaintiff's Amended Complaint states that he may sue federal officers for the violation of his constitutional rights and that he is "bringing this suit against Federal officers (a *Bivens* claim)." ECF 23 at 2. Plaintiff does not mention any state law claims or claims under other federal law. Plaintiff's enumerated claims do not specify under which law they are brought. Thus, it appears that Plaintiff's Amended Complaint brings only *Bivens* claims.

The facts alleged by Plaintiff, however, and the summary of the alleged conduct by Defendants, include allegations mentioning state law tort concepts and the ADA and Rehabilitation Act. For example, Plaintiff repeatedly alleges that Defendants acted negligently. *See* Claims 1, 2, 4, 5, 7, 8, 10, 12, 17, 19, 23, 26. Plaintiff also alleges that Defendants engaged in fraudulent conduct. *See* Claims 3, 11, 18. In one claim, Plaintiff alleges that one Defendant breached her fiduciary duties. *See* Claim 19. Finally, Plaintiff alleges that he was subject to the ADA and the Rehabilitation Act and Defendants did not comply with those Acts. *See* Claims 4, 5, 12, 16. Indeed, Plaintiff filed an FTCA claim, in which he characterized this lawsuit as alleging state law torts, including negligence, conversion, and fraud. *See* ECF 70 at 36. Plaintiff, however, has not named the United States as a defendant in this case, who would be the defendant in an FTCA claim.

The Amended Complaint itself, however, does not seem to allege claims for violations of state law or the ADA and Rehabilitation Act. For example, Plaintiff does not allege the elements of any state law or ADA claim or specifically identify any state law or ADA claim. Instead, it

appears that Plaintiff was supporting his constitutional claims with reference to general allegations relating to state torts and the ADA and Rehabilitation Act.

Further, Defendants construed the Amended Complaint as only raising *Bivens* claims. In responding to their motion to dismiss, Plaintiff did not argue that he raised state law or ADA claims that were not precluded by *Egbert*, or otherwise clarify his claims. Accordingly, the Court construes the Amended Complaint as only bringing *Bivens* claims.

### 3. Plaintiff's *Bivens* Claims

Plaintiff brings *Bivens* claims under the First, Fifth, and Eighth Amendment. "The first step in a *Bivens* analysis is to determine whether a case presents a new *Bivens* context. If the answer to this question is 'no,' then no further analysis is required." *Stanard v. Dy*, 2023 WL 8535171, --- F.4th --- (9th Cir. Dec. 11, 2023) (quotation marks and citation omitted).

A *Bivens* action may constitute a new context depending on, for example:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

*Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017).

In evaluating whether a claim is cognizable under *Bivens*, this Court must follow the binding precedent of the Supreme Court and the Ninth Circuit. The Supreme Court in *Egbert*, *Hernandez v. Mesa*, 140 S. Ct. 735 (2020), and *Ziglar*, and the Ninth Circuit in cases such as *Stanard*, *Chambers v. C. Herrera*, 78 F.4th 1100, 1105 (9th Cir. 2023), and *Pettibone v. Russell*, 59 F.4th 449 (9th Cir. 2023), provide guidance. These cases instruct that if the *Bivens* claim presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating

that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Pettibone*, 59 F.4th at 455 (quoting *Egbert*, 142 S. Ct. at 1803). The Supreme Court categorized extending *Bivens* as a "disfavored judicial activity." *Ziglar*, 582 U.S. at 135.

The Ninth Circuit has concluded that Fifth Amendment claims other than "in the context of gender-based employment discrimination" are a new context for *Bivens*. *Stanard*, 2023 WL 8535171, at *5. A prisoner asserting such a claim fails the "unforgiving special factors inquiry" because the BOP has an "administrative remedy process" that "constitutes an alternative remedial structure." *Id.* at *6. The same is true for Plaintiff's claims under the Fifth Amendment and the court dismisses them without leave to amend.

The Supreme Court and the Ninth Circuit have refused to extend *Bivens* to claims under the First Amendment. *Egbert*, 142 S. Ct. at 1807; *Chambers*, 78 F.4th at 1105. This is because it is a new context (a new constitutional right at issue) and special factors counsel against it for

> several reasons, including "substantial social costs," "the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties" and that this "'prospect of personal liability' under the First Amendment would lead 'to new difficulties and expense'" rendered Congress better suited than the Judiciary to fashion a damages remedy.

*Chambers*, 78 F.4th at 1105 (quoting *Egbert*, 142 S. Ct. at 1807). Thus, the Court dismisses Plaintiff's claims under the First Amendment without leave to amend.

For Plaintiff's Eighth Amendment claims, Defendants argue that they are a new context because they are dissimilar to *Carlson v. Green*, 446 U.S. 14 (1980), which allowed a *Bivens* claim for Eighth Amendment deliberate indifference to the medical needs of a prisoner. Defendants cite *Chambers* for the proposition that Plaintiff's claims arise in a new context. The relevant section of *Chambers*, however, involved a failure to protect claim, not a claim for

PAGE 9 – ORDER

deliberate indifference to medical needs. *See Chambers*, 78 F.4th at 1106 ("Chambers asserts a claim premised on a failure to protect, but this is dissimilar to *Carlson*'s failure to provide medical care. . . . Additionally, the mechanism of injury in Chambers' claim is different than in *Carlson*. *Carlson* relied on failure to provide adequate medical treatment, while this claim relies on a failure to protect Chambers against Officer Herrera."). That is the claim the Ninth Circuit concluded was a new context under *Bivens*. *See id.* at 1106-07.

The plaintiff in *Chambers* also brought a claim for failure to provide adequate medical treatment, and the Ninth Circuit affirmed the dismissal of that claim for failure to state a claim because the plaintiff failed to allege sufficient facts regarding his medical treatment. *Id.* at 1108. The Ninth Circuit remanded so the district court could procedurally determine whether the plaintiff could file an amended complaint.[1] *Id.* The court in *Chambers* noted that if amended, that claim would then need to be considered for whether it arose in a new context under *Bivens*. *Id.*

In *Stanard*, however, the Ninth Circuit considered whether a prisoner's claim under the Eighth Amendment for alleged failure to provide adequate medical treatment arose in the same context as *Carlson*. The Ninth Circuit reviewed the purported differences with *Carlson*, 2023 WL 8535171, at *4-5, which are similar to the differences Defendants argue apply here.

Defendants argue that Plaintiff's claims arise in a new context because his treatment did not involve a life threatening ailment. First, the Court disagrees with Defendants' characterization of Plaintiff's allegations—claim 1 of the Amended Complaint alleges that Plaintiff had a heart condition, contracted COVID-19, continuously asked for medical treatment but was ignored, was found "barely responsive" in his cell, required emergency respiration, and was taken via ambulance to the hospital. These allegations support that Plaintiff was facing a

---

[1] The *pro se* plaintiff did not amend his complaint so he could appeal the district court's dismissal.

PAGE 10 – ORDER

life-threatening condition. Second, the Ninth Circuit in *Stanard* rejected this same argument, explaining:

> even assuming that Stanard received less deficient care than the inmate in *Carlson*, that difference in degree is not a meaningful difference giving rise to a new context. Stanard seeks a damages remedy for failure to provide medical attention evidencing deliberate indifference to serious medical needs. Along every dimension the Supreme Court has identified as relevant to the inquiry, Stanard's case is a replay of *Carlson*.

*Id.* at *5. The Court finds *Stanard* persuasive authority that Plaintiff's first and second claims are not a new context under *Bivens*. Thus, the analysis ends for these claims.

Plaintiff, however, raises other claims under the Eighth Amendment that do not involve failure to receive adequate medical treatment, including claims regarding being housed in disciplinary housing for too long, Defendants' alleged failure to protect Plaintiff from other inmates, and other alleged housing failures. These are all new contexts under *Bivens* and fail because, among other special factors, the BOP has an alternative remedial structure in its administrative remedy process. *See Stanard*, 2023 WL 8535171, at *5.

### 4. Official Capacity

Plaintiff sues Defendants in both their official and individual capacities. Defendants move to dismiss claims against them in their official capacities, because such claims amount to claims against the United States, which has sovereign immunity. Plaintiff argues that he seeks injunctive relief and thus can sue Defendants in their official capacity. The equitable relief requested in the Amended Complaint is that the Court: "Issue an injunction requiring that Defendants implement a new electronic Administrative Remedy Process that would bypass inmates being required to get forms from staff members"; "declare that Plaintiff be released to home confinement to finish his remaining sentence"; order Defendants to grant Plaintiff the maximum time allowed for home confinement if the Court does not order Plaintiff's release;

PAGE 11 – ORDER

order Defendants to expunge Plaintiff's incident report; order Defendants to "rescore" Plaintiff to reflect the removal of the incident report; order Defendants to provide Plaintiff counseling and physical therapy services; order certain non-parties to immediately investigate Plaintiff's claims; and order Defendants to install panic buttons in the segregated housing unit.

The Ninth Circuit has held that a plaintiff may not bring a claim under *Bivens* purely for equitable relief. *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016). In a *Bivens* claim against an individual federal officer, however, "[i]f the court finds the Eighth Amendment's subjective and objective requirements satisfied, it may grant appropriate injunctive relief." *Farmer v. Brennan*, 511 U.S. 825, 846 (1994). But Plaintiff's requested equitable relief does not stem from Claims 1 and 2, and thus is no longer connected to a viable *Bivens* claim for damages against a federal officer. Thus, Plaintiff may no longer seek this equitable relief.

Further, regardless of the validity of Plaintiff's requested equitable relief, it does not convert a *Bivens* claim from one against an individual federal officer to one against a federal officer in his or her official capacity. *Bivens* claims are against individuals. *See, e.g. Solida*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action."); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996) ("This was a *Bivens* action, so the defendants were sued only as individuals. Because Vaccaro did not and could not have sued the United States or its officers in their official capacity upon a *Bivens* claim, it necessarily follows that he did not have to serve the United States.").

**5. Preliminary Injunction**

Plaintiff moves for a preliminary injunction to have an incident report expunged so that he will be eligible for "earned time" credit. He argues that the incident report and disciplinary action was done in retaliation for Plaintiff exercising his First Amendment rights. This, however, is not a proper request for a preliminary injunction. "Generally, the purpose of a preliminary

PAGE 12 – ORDER

injunction is to preserve the status quo and the rights of the parties until a final judgment issues in the cause." *City & Cnty. of San Francisco v. United States Citizenship & Immigr. Servs.*, 944 F.3d 773, 789 (9th Cir. 2019) (quotation marks omitted). Instead, Plaintiff is asking the Court to grant the relief Plaintiff ultimately wants at trial but in the context of a "preliminary" injunction. Regardless, Plaintiff's request also stems from his *Bivens* claims that have been dismissed and thus his motion is denied.

## 6. Conclusion

The Court GRANTS IN PART Defendants' Motion to Dismiss, ECF 62. The Court dismisses all claims other than Plaintiff's first and second claims under *Bivens* against Defendants in their individual capacity for deliberate indifference to Plaintiff's medical needs. Plaintiff may file a Second Amended Complaint raising those two claims plus any appropriate state law or other federal law claims, but not any additional *Bivens* claims, by February 5, 2024. Service of the Second Amended Complaint shall be effectuated as stated in this Order. If Plaintiff does not file a Second Amended Complaint, Defendants shall answer claims one and two of the Amended Complaint by February 23, 2024. The Court DENIES Plaintiff's motion for preliminary injunction, ECF 55.

**IT IS SO ORDERED.**

DATED this 3rd day of January, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge